1  Lance R. Broberg (SBN 024103)
   Gianni Pattas (SBN 030999)
2  **TB TIFFANY & BOSCO**
   P.A.
3  SEVENTH FLOOR CAMELBACK ESPLANADE II
   2525 EAST CAMELBACK ROAD
4  PHOENIX, ARIZONA 85016-4237
   T: (602) 255-6000 | F: (602) 255-0103
5  E: lrb@tblaw.com | gp@tblaw.com
   *Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paradise Valley Construction Company, LLC, an Arizona limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> Lusso Auto, LLC d/b/a Lusso Auto Spa & Design, a Nevada limited liability company; FMJNR, LLC, a Nevada limited liability company; Jong Min Rhee and Yuki Rhee, a married couple, <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> • Fraud <br> • Consumer Fraud <br> • Negligent Representation |

Plaintiff Paradise Valley Construction Company, LLC alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Paradise Valley Construction Company, LLC ("Plaintiff") is an Arizona Limited Liability Company doing business in Maricopa County, Arizona.

2. Defendant Lusso Auto, LLC d/b/a Lusso Auto Spa & Design ("Lusso") is a Nevada Limited Liability Company doing business in Maricopa County, Arizona.

3. The Officer Information for Lusso on the website of the Nevada Secretary of State identifies Jong Min Rhee as the sole managing member for Lusso.

4. Mr. Rhee's address is listed as 1125 American Pacific Drive, Suite F, Henderson, Nevada 89074.

5. Defendant FMJNR, LLC is a Nevada Limited Liability Company doing business in Maricopa County, Arizona.

6. The Officer Information for FMJNR, LLC's most recent annual filing identifies Jong Min Rhee as the sole managing member for FMJNR, LLC.

7. Mr. Rhee's address is listed as 1125 American Pacific Drive, Suite F, Henderson, Nevada 89074.

8. Defendant Yuki Rhee was previously listed as a managing member of both Defendant entities according to the Nevada Secretary of State's records. Mrs. Rhee's address for both entities was listed as 1125 American Pacific Dr. Suite F, Henderson Nevada 89074.

9. Defendants Jong Min Rhee and Yuki Rhee ("Rhee Defendants") are husband and wife residing in Nevada. At all relevant times, Rhee was acting for the benefit of and in furtherance of the marital community.

10. The Rhee Defendants are believed to be residing in real property located in Nevada at 35 Sankaty Circle, Henderson, Nevada 89052.

11. Upon information and belief, and after a diligent search by Plaintiff, no Arizona real property address was found to belong to the Rhee Defendants.

12. Lusso, FMJNR, and Rhee are collectively referred to as "Defendants".

13. All relevant conduct and events described herein were directed towards Maricopa County, Arizona.

14. Complete diversity of citizenship exists amongst Plaintiff and Defendants.

15. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

16. Venue is proper in this Court under 28 U.S.C. § 1332.

**GENERAL ALLEGATIONS**

17. Prior to May 6, 2022, Plaintiff was in the market to purchase a 2022 Dodge Ram 3500.

18. Plaintiff was directed to Defendants.

19. Defendant Jong Min Rhee negotiated directly with Plaintiff for the purchase of the 2022 Dodge Ram 3500.

20. After some back and forth, Mr. Rhee provided Plaintiff with a number should he wish to purchase the vehicle.

21. During the discussions, Plaintiff inquired about whether Defendants could install certain types of wheels, shocks, and a certain level of tint for the windows on the vehicle.

22. Mr. Rhee advised that Defendants could install the wheels, shocks, and tint the windows.

23. On May 6, 2022, Plaintiff purchased a 2022 Black Dodge Ram 3500 with vehicle identification number ("VIN") 3C63RRRL1NG189336 ("Dodge Ram") from Defendant Lusso.

24. Defendant Lusso invoiced Plaintiff $107,000 to purchase the Dodge Ram ("Invoice").

25. Defendant Jong Min Rhee told Plaintiff to make payment to Defendant FMJNR as it was represented that this was the entity that held title in the Dodge Ram

26. On May 6, 2022, at Defendants' direction, Plaintiff brought a cashier's check in the amount of $107,000.00 ("Cashier's Check") made payable to "FMNJR LLC" for the purchase of the Dodge Ram.

27. Plaintiff personally brought the Cashier's Check directly to Defendant Lusso's place of business located at 1125 American Pacific Drive, Suite F, Henderson, Nevada 89074.

28. Subsequent to taking possession of the Dodge Ram, Plaintiff discovered that it was not Defendant FMNJR that held title in the Dodge Ram, but rather "Chrysler Financial".

29. Plaintiff had subsequent communications via telephone and text message with the Rhee Defendants.

30. The Rhee Defendants acknowledged that Defendant FMNJR was not the title holder of the Dodge Ram.

31. Plaintiff, subsequently to purchasing the Dodge Ram, discovered that there was still a loan owed of approximately $88,000 ("Loan") for the Dodge Ram.

32. The Rhee Defendants from May 2022 through August 2023 made representations and assurances that they would pay the remainder of the Loan on the Dodge Ram.

33. The lien holder on the Dodge Ram is believed to be "Chrysler Capital" ("Lien Holder").

34. On information and belief, Defendant FMJNR, LLC holds title to the Dodge Ram but has not been able to transfer title to Plaintiff because it has not paid off the Loan owed to the Lien Holder on the Dodge Ram.

35. On information and belief, Defendants, individually or collectively, are not an authorized and licensed automobile dealer.

36. On information and belief, Defendants are engaged in the marketing and sale of vehicles such that they are required to be licensed.

## COUNT I
### (Fraud - All Defendants)

37. Plaintiff incorporates the above allegations as stated herein.

38. Defendants represented that they were able to transfer title to the Dodge Ram and could deliver title to Plaintiff.

39. More than nineteen months after purchasing the Dodge Ram, Defendants still have not paid the Loan and have not transferred title to Plaintiff

40. Defendants' representations that they owned the Dodge Ram free and clear of any liens and that they could transfer title to Plaintiff for the Dodge Ram were material and false as Defendants have not paid off the Loan and the Lien Holder is still in possession of the title.

41. Defendants knew the representations were false and they intended on Plaintiff to rely on same in order to sell the Dodge Ram to Plaintiff.

42. Defendants represented that it could provide title to the Dodge Ram to Plaintiff if Plaintiff purchased the Dodge Ram for $107,000.00.

43. Plaintiff relied on these representations from Defendants and paid $107,000 in reliance of Defendants representations.

44. Plaintiff had the right to rely on Defendants' representations.

45. As a result of Defendants' false representations, Plaintiff has been damaged in an amount to be proven at trial, but not less than $107,000.00.

46. Defendants' conduct was willful, malicious and was carried out with an evil mind entitling Plaintiff to an award of punitive damages.

## COUNT II
### (Consumer Fraud – All Defendants)

47. Plaintiff incorporates the above allegations as stated herein.

48. The Arizona Consumer Fraud Act, A.R.S. §§ 44-1521, *et seq.* creates a private right of action.

49. A.R.S. § 44-1521(5) defines "merchandise" broadly, to include "any objects, wares, goods, commodities, intangibles, real estate and services.

50. A.R.S. § 44-1521(7) defines "sale" broadly, to include "any sale, offer for sale or attempt to sell any merchandise for any consideration."

51. The sale of the Dodge Ram "sale of "merchandise" under A.R.S. § 44-1521.

52. Defendants' misrepresentations to Plaintiff were that they could deliver legal title of the Dodge Ram to Plaintiff.

53. Defendants' misrepresentations were done in connection with the sale of merchandise.

54. Defendants' misrepresentations were material because if Defendants had advised Plaintiff that Defendants did not intend to pay the Loan off for the Dodge Ram

then Plaintiff would not have spent $107,000.00 to purchase the Dodge Ram from Defendants.

55. Defendants' misrepresentations were made with the intent that Plaintiff rely thereon.

56. Plaintiff relied on Defendants' misrepresentations.

57. As a result of Defendants' misrepresentations and Plaintiff's reliance thereon, Plaintiff has substantiated financial losses in an amount to be proven at trial.

58. Defendants' fraudulent conduct was gross or motivated by malice and ill will, thereby entitling Plaintiff to an award of punitive damages.

## COUNT III
### (Negligent Representation – All Defendants)

59. Plaintiff incorporates the above allegations as stated herein.

60. Defendants provided incorrect information to Plaintiff leading up to and during Plaintiff's purchase of the Dodge Ram.

61. Defendants intended, or could reasonably foresee, that Plaintiff would rely on that information.

62. Defendants failed to exercise reasonable care in obtaining or communicating that information.

63. Plaintiff relied on the incorrect information provided by Defendants.

64. The reliance by Plaintiff was reasonable and justified under the facts and circumstances.

65. Plaintiff has suffered damages as a result of Defendants' conduct in an amount to be proven at trial.

66. Defendants' conduct was and remains willful, malicious, and was carried out with an evil mind, thereby entitling Plaintiff to an award of punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. For actual, direct, incidental, consequential, and compensatory damages in an amount to be proven at trial but not less than $107,000.00;

1  B. For punitive damages in an amount to be proven at trial;

2  C. For pre and post judgment interest at the highest rate allowable by law;

3  D. Plaintiff's reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341

4    and

5  E. For such other further relief as this Court deems just and proper.

6  RESPECTFULLY SUBMITTED this 3rd day of October, 2023.

**TB TIFFANY & BOSCO**
P.A.

By: */s/ Gianni Pattas*
  Lance R. Broberg
  Gianni Pattas
  Seventh Floor Camelback Esplanade II
  2525 East Camelback Road
  Phoenix, Arizona 85016-4237
  ***Attorneys for Plaintiff***